```
            IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEBRASKA

HYRUM S. JOHNSON,               )
                                )
               Plaintiff,       )      8:05CV373
                                )
     v.                         )
                                )
UNION PACIFIC RAILROAD          )      MEMORANDUM AND ORDER
COMPANY,                        )
                                )
               Defendant.       )
                                )
```

The plaintiff's FELA complaint was originally filed in the United States District Court for the District of Minnesota. The parties filed a joint stipulation requesting a transfer of venue, filing 6, which stated that the plaintiff is a resident of North Platte, Nebraska, his accident occurred in North Platte, and "this matter should be venued in the United States District Court, District of Nebraska." See filing 8.

The federal court in Minnesota promptly granted the parties' joint request for transfer to this forum, and the pleadings were transmitted to the Clerk of the United States District Court for the District of Nebraska. The pleadings were received by the Clerk in Omaha, and the case was assigned to the Omaha trial docket. Filings 9, 10, and 11. The plaintiff did not request a location for trial in this forum.

Pending before me is the defendant's motion to transfer this case to the North Platte trial docket. Filing 14. In support of this motion, Union Pacific has presented evidence reiterating that the plaintiff lives in North Platte and the accident occurred in North Platte. Union Pacific has also submitted evidence that one of the plaintiff's treating physicians and six fact witnesses, including supervisors and co-workers of the

plaintiff at the time of the accident, all live in North Platte; a physician in Englewood, Colorado performed a neuropsychological evaluation of the plaintiff; and a physician in Kearney, Nebraska performed surgery on the plaintiff.  Union Pacific claims transferring this case to North Platte will be substantially more convenient for the witnesses, and it will alleviate the hardship and expense incurred by the defendant in removing witness employees from their jobs, finding replacement employees, and providing lodging and board for witnesses who must travel from North Platte to Omaha for an Omaha trial.  The court takes judicial notice of the fact that North Platte is approximately 280 miles from Omaha.

The plaintiff has responded that pursuant to 45 U.S.C. § 56, FELA plaintiffs may choose the forum in which their claim will be tried; the plaintiff attended a pain clinic in Omaha and three health care providers from that facility are necessary witnesses; "high ranking UP officials" in Omaha are necessary witnesses; and plaintiff's vocational rehabilitation counselor is located in Omaha.  The plaintiff also claims that, based on past practice, he believes Union Pacific's retained expert on vocational rehabilitation and its independent medical examiner will be from Omaha.  Finally, the plaintiff states that an Omaha forum is more convenient for the attorneys of record.  Filing 20, ex. 1 (Jungbauer affidavit).

In asserting that trial must be held in Omaha, plaintiff's counsel argues that pursuant to 45 U.S.C. § 56, substantial deference must be afforded to an FELA plaintiff's choice of forum.  He argues this principle is especially important in this case, where the "Plaintiff's congressionally mandated right to choice of forum under the FELA has already been disturbed once

with a similar transfer of venue." Filing 20 at p.1. Accordingly, the plaintiff claims "defendant's arguments supporting transfer of venue are not sufficient to justify transferring the case a second time." Filing 20 at p.2.

45 U.S.C. § 56 is a venue statute. Union Pacific's motion for a change of trial location does not request a change of venue. Whether tried in Omaha or North Platte, the plaintiff's case will remain in the venue of the United States District Court for the District of Nebraska. While it is true the plaintiff filed his case in Minnesota, it was transferred to Nebraska, and therefore the case has already been transferred once, this prior transfer does not support the plaintiff's claim that he has already been denied his chosen venue and should not have to endure another change of forum. The plaintiff agreed to transfer venue from Minnesota to Nebraska; transferring the case to this venue was consistent with the parties' joint stipulation that "this matter should be venued in the United States District Court, District of Nebraska." See filing 8. Finally, even assuming an FELA plaintiff's choice between North Platte and Omaha is entitled to substantial deference, the plaintiff did not expressly choose Omaha as the trial location. Assigning this case to Omaha for trial occurred under the procedures of this court and not at the plaintiff's request. For all the foregoing reasons, I conclude that 45 U.S.C. § 56 does not limit this court's authority to transfer the location of plaintiff's FELA trial from Omaha to North Platte.

Union Pacific's motion to transfer the trial location is governed by this court's local rules. NECivR 40.1(b)(2) provides that "[t]he judge may resolve conflicting requests [for place of trial] without oral argument" and "shall consider the convenience

3

of the litigants, witnesses, and counsel when deciding the place of trial." The evidence before me reflects that North Platte is a more convenient location for the witnesses and litigants than Omaha. The fact witnesses regarding how this accident happened, including not only railroad management but co-workers and the plaintiff-are located in North Platte. Though the plaintiff claims he will call "high ranking UP officials" to testify, this statement is conclusory in that it does not specifically identify the witnesses, the topic of their testimony, or the relevant information they may add to this litigation.

The location of plaintiff's medical treatment does not tip the scales in favor of or against either proposed trial location. The plaintiff received medical treatment in Omaha, but he also received medical treatment in North Platte, and in Kearney, Nebraska and Englewood, Colorado, both of which are substantially closer to North Platte than to Omaha. The plaintiff has and Union Pacific may, "based on past practice," retain expert witnesses from Omaha. However, based on past practice, the court is also aware that nearly all expert medical testimony in such cases is offered by videotape, and as to vocational rehabilitation experts, these experts frequently anticipate and are accustomed to significant travel for courtroom appearances.

Finally, although Omaha may be more convenient for the parties' counsel, as the plaintiff's counsel acknowledges, this factor is not afforded great weight.

Upon consideration of the convenience of the litigants, witnesses, and counsel as supported by the evidence herein, I conclude this trial should be held in North Platte, Nebraska

     IT THEREFORE HEREBY IS ORDERED: The place of trial for this case is changed to North Platte, Nebraska.

     DATED this 13th day of September, 2005.

                             BY THE COURT:

                             s/ *David L. Piester*
                             David L. Piester
                             United States Magistrate Judge