IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HYRUM S. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CV373 |
| | ) | |
| v. | ) | |
| | ) | |
| UNION PACIFIC RAILROAD | ) | MEMORANDUM AND ORDER |
| COMPANY, a Delaware | ) | |
| Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

The defendant has moved to compel the plaintiff to appear for his deposition and to submit to an independent medical examination. Filing 55. By order entered yesterday, the plaintiff was required to respond to that motion on or before January 3, 2007, and no reply brief was permitted absent leave of the court for good cause shown. Filing 59. The plaintiff's response was filed yesterday. Filing 60. Defendant's motion to compel is therefore fully submitted.

Based on the facts of record, the following is considered undisputed for the purposes of this motion.

1. The plaintiff initially filed his FELA action in the United States District Court for the District of Minnesota, and then agreed to have the case transferred to this forum. The case was initially assigned to the Omaha trial docket because pleadings were received by the Clerk in Omaha. Filings 9, 10, and 11.

2. UPRR requested North Platte as the place of trial. In response, the plaintiff specifically requested Omaha, Nebraska as the place of trial, and in support of that request, noted that the plaintiff attended a pain clinic in Omaha and three health care providers from that facility are necessary witnesses, and plaintiff's vocational rehabilitation counselor, Albert Marchisio, is located in Omaha. The plaintiff also noted that

based on past practice, he believed Union Pacific's retained expert on vocational rehabilitation and its independent medical examiner would be from Omaha. Filing 20, ex. 1 (Jungbauer affidavit).  See also filings 30 and 32 (plaintiff's expert disclosures).

3.   The case was transferred to the North Platte trial docket for the convenience of both the witnesses and litigants, but primarily for the witnesses.  See filing 21.

4.   On September 21, 2005, UPRR filed a notice to depose the plaintiff in Omaha, Nebraska on November 1, 2005. Filing 25.  UPRR's motion to compel states the plaintiff attended this deposition, but terminated it midway because he had developed a migraine stress headache.  Filing 55, ¶ 2.  The plaintiff has not disputed this statement.

5.   On November 6, 2006, UPRR filed a notice to complete the plaintiff's deposition in Omaha, Nebraska on December 20, 2006, (filing 50), and filed a notice to do so by videotape on December 13, 2006.  Filing 52. UPRR's motion to compel states the plaintiff did not appear for his deposition on December 20, 2006.  Filing 55, ¶ 3.  The plaintiff has not disputed this statement.

6.   In conjunction with the noticed deposition, the railroad also scheduled an independent medical examination to be performed by Dr. Morrison in Omaha, Nebraska on December 20, 2006.  Filing 55, ¶ 3.  The plaintiff did not attend the IME because the railroad, though willing to pay plaintiff's reasonable travel expenses (including overnight lodging) to attend the IME in Omaha, Nebraska, would not agree to pay the plaintiff's lost wages for that day.  Filing 55, ¶ 3; filing 60, ex. A (Jungbauer affidavit).

The plaintiff did not file a motion for protective order or to quash his noticed deposition in Omaha on December 20, 2006, and he has not explained his failure to attend in response to UPRR's motion to compel.  I further note that plaintiff's counsel will likely personally attend his client's deposition, and it is substantially easier and less time-consuming for him to travel

2

from Minneapolis to Omaha than to North Platte.  I shall
therefore order that the plaintiff's deposition be completed in
Omaha, Nebraska.

As to the independent medical examination, the plaintiff
does not object to participating in an independent medical
examination or to being examined in Omaha.  The sole issue is
whether he can refuse to attend the IME absent UPRR agreeing to
pay his accompanying lost wages.  The plaintiff's position lacks
merit.

> Usually plaintiff will be required to come to the place
> where he or she filed suit for the examination, in the
> absence of facts showing substantial reasons for
> insisting upon examination at his or her residence. . .
> The party being examined must pay his or her own
> expenses for coming to the examination and bear the
> loss of time thus caused.

8A Wright, Miller, and Marcus, <u>Federal Practice and Procedure
Civil 2d</u> § 2234 (1994).

In this case, the plaintiff filed suit in Minnesota, agreed
to have the case transferred to Nebraska, and asked to have it
tried in Omaha.  In requesting an Omaha trial, the plaintiff
argued that Omaha was the most convenient location for the
litigants, witnesses, and counsel, and in support of that
argument, correctly predicted that UPRR's IME examiner would be
located in Omaha.  Though the trial will be conducted in North
Platte, the plaintiff anticipated and requested that the
proceedings and discovery be held in Omaha.

UPRR has agreed to pay the plaintiff's travel expenses, an
offer which may actually exceed its obligation under the Federal
Rules of Civil Procedure, and it set the plaintiff's deposition

3

for the same day in Omaha as the IME, thus limiting plaintiff's time away from work.  There is no showing of any substantial reason for requiring UPRR to also pay plaintiff's lost wages for attending either the deposition or the IME in Omaha.  The plaintiff is aware that such losses may be incurred when pursuing litigation.  He has retained a vocational expert in Omaha and met with him, in Omaha, on both February 5, 2004 and April 15, 2004 in preparation for this litigation, (filing 30, (Marchisio report), p. 3.), and he was seen by Dr. McIntosh at the Center for Neurobehavioral Services in Colorado at the request of his attorney.  Id. at p. 5.  Unlike the circumstances in Cox v. UPRR, 8:04CV150 (D. Neb.), the plaintiff does not object to the IME as untimely, and the railroad is not scheduling an IME outside the District of Nebraska.  Plaintiff's argument that state courts in western Nebraska order payment of lost wages under such circumstances is interesting, but not persuasive.  The plaintiff has not cited any Nebraska court rule or appellate court decision approving this practice, and even had he done so, the rulings of state courts on procedural issues are not binding on federal courts--especially where, as here, the case arises under federal law.

Accordingly, the railroad's motion to compel will be granted.  Although the railroad has not specifically requested attorney fees for having to move to compel the plaintiff's attendance at discovery proceedings in Omaha, a party should not have to file a motion to compel to receive appropriate discovery responses.  Federal Rule of Civil Procedure 37(a)(4) states:

> [I]f the motion [to compel] is granted, the court shall
> . . . require the party . . . whose conduct
> necessitated the motion . . . to pay . . . the

4

reasonable expenses incurred in obtaining the order,
including attorney's fees, unless the court finds that
the opposition to the motion was substantially
justified or that other circumstances make an award of
expenses unjust.

I find that attorney fees should not be awarded for
plaintiff's failure to attend his noticed deposition and the IME
on December 20, 2006.  Though I conclude the plaintiff's position
lacks merit, lost wages apparently have been awarded by the state
courts and, under distinguishable circumstances, by Magistrate
Judge Thalken in this court.  More importantly, even had
plaintiff been willing to cooperate with discovery in Omaha
without payment of his wages, this discovery would likely not
have occurred on December 20, 2006.  Though counsel for neither
of the parties (none of whom live near North Platte) raised the
issue, weather conditions justified the plaintiff's failure to
attend discovery proceedings in Omaha that day.

As applicable to Nebraska, as of 5:35 a.m. on December 20,
2006, the National Weather Service predicted:

> Blizzard warning much of the panhandle and western
> sandhills through tonight. . . numerous other warnings
> and advisories still in effect across the rest of west.
> . . central and north . . .today. . . snow and blowing
> snow west.  Blizzard conditions expected.  A mixture of
> freezing rain. . . sleet and snow parts of the central
> and southwest.  Light freezing rain south central. . .
> tonight. . . snow and blowing snow west.  Blizzard
> conditions expected. Snow north and central. . . and
> rain changing to snow East.

See http://www.crh.noaa.gov/product.php?site=LBF&issuedby=
NE&product=SFP&format=CI&version=22&glossary=0.  This prediction
came true.  By 8:40 a.m. on December 20, 2006, North Platte was
experiencing an ice storm with large branches breaking under the
weight.  Power outages occurred.  North Platte received 8 inches

of snow on December 20, 2006, and by noon on December 21, 2006, Interstate 80 was shut down from the Wyoming border as far east as Lexington (which is between North Platte and Omaha).  It remained closed until 5:00 p.m on December 21, 2006. www.crh.noaa.gov/lbf/?n=afterthestorm.

The plaintiff would have encountered perilous driving had he attempted to travel to and from Omaha to attend a December 20 deposition and IME.  Attorney fees will not be awarded for plaintiff's failure to comply with these discovery requests.

IT THEREFORE HEREBY IS ORDERED:

1.   The defendant's motion to compel, filing 55, is granted.

2.   The plaintiff shall appear for a continuation of his deposition and submit to an independent medical examination with Dr. Morrison in Omaha, Nebraska as soon as such discovery proceedings can reasonably be scheduled.  The parties shall cooperate in good faith to facilitate this re-scheduling and, to the extent possible, shall schedule the deposition and IME for the same day or trip.

3.   UPRR shall pay the plaintiff's reasonable travel expenses to attend these discovery proceedings in Omaha, Nebraska, but it is not required to reimburse the plaintiff for any lost wages incurred in complying with this order.

4.   Neither party shall be awarded attorneys fees on this motion to compel.

DATED this 27th day of December, 2006.

BY THE COURT:

s/ David L. Piester

6

David L. Piester
United States Magistrate Judge